**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GERARD T. OUIMETTE,** | : | |
| Petitioner | : | **CIVIL NO. 1:CV-04-1962** |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| **JOSEPH SMITH,** | : | |
| Respondent | : | |

**M E M O R A N D U M**

**I.   Introduction**

Gerard T. Ouimette, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, commenced this action with a pro se petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241.  Named as Respondent is Joseph Smith.  Petitioner challenges the enforcement and collection of a fine imposed as part of his federal sentence.  Also pending is Petitioner's motion for leave to amend (Doc. 19) his habeas petition.

**II.   Background**

The facts are undisputed.  Petitioner was convicted in the United States District Court for the District of Rhode Island for receipt of a firearm by a convicted felon, and receipt of a firearm with obliterated serial number. As a result of the conviction, on June 28, 1994, Petitioner was sentenced to two consecutive nine (9) year terms of imprisonment. Subsequently, the conviction and sentence were overturned on appeal, see U.S. v. Ouimette, 753 F.2d 188 (1st Cir. 1985), and Petitioner's case was remanded for a change of venue and a re-trial.  The re-trial was conducted in the United States District Court for the district of Connecticut.  On July 10, 1985, Petitioner was again convicted of receipt of a

firearm by a convicted felon, and receipt of a firearm with an obliterated serial number, and again sentenced to two consecutive nine (9) year terms of imprisonment. However, the Court also imposed a fine of $ 10,000.00 ($ 5,000.00 for each offense). This fine is the subject of the instant habeas petition.

## III.    Discussion

### A.  Enforcement of $ 10,000.00 Fine

Petitioner claims that the $10,000.00 fine was imposed on June 28, 1984, and it is no longer enforceable after twenty (20) years from the date of imposition pursuant to the provisions of 18 U.S.C. § 3613(6) (sic).[1] Respondents agree that there is a twenty (20) year limitation, but they argue that the fine was not imposed until July 10, 1985. In his traverse (Doc. 13), Petitioner acknowledges that "respondent is correct in stating that the fine . . . was imposed on July 10, 1985 . . . Therefore, the petitioner's claim that . . . the fine be terminated is hereby withdrawn." (Doc. 13 at 1.) Consequently, the petition will be dismissed on this issue.

### B.  Petitioner's Motion to Amend Habeas Petition

Also pending is Petitioner's motion to amend habeas petition (Doc. 19), in which he seeks to challenge the propriety of the sentencing court's imposition of the fine. Generally, a challenge to the validity of a federal conviction or sentence must be brought in a §2255 motion. See United States v. Miller, 197

---

[1] 18 U.S.C. §3613(b) states:

> **Termination of liability.** The liability to pay a fine shall terminate the later of 20 years from the entry of the judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined.

F.3d 644, 648 n.2 (3d Cir. 1999). Thus, the Petitioner's proper avenue of relief is a section 2255 motion, filed in the district court where he was convicted, see United States v. Hatcher, 76 F. Supp. 2d 604 (E.D. Pa. 1999), unless the Petitioner can show that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (West Supp. 2000); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).

The Third Circuit Court of Appeals has stated that such inadequacy or ineffectiveness is present, thereby allowing a § 2241 petition to substitute for a § 2255 motion, only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Brooks, supra, 230 F.3d at 648 (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added). Petitioner has the burden of proving that section 2255 would be an inadequate or ineffective remedy, Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)), and section 2241 should not be used as a way of evading the gatekeeping provisions of section 2255. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Petitioner does not set forth any basis to support a conclusion that the § 2255 remedy is inadequate or ineffective, and thus he has not met his burden of proof on this issue. Accordingly, his motion to amend the habeas petition will be denied.

**IV.   Conclusion**

Since Petitioner has withdrawn his challenge to enforcement of the fine against him, the petition will be dismissed on this issue. Further, since Petitioner has not demonstrated that the § 2255 remedy is inadequate or ineffective, his motion to amend his habeas petition will be denied. An appropriate Order is attached.

**V.    Order**

**AND NOW,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.

2. Petitioner's motion for leave to amend his habeas petition (Doc. 19) is **DENIED**.

3. The Clerk of Court is directed to close this case.

        S/ Yvette Kane
        YVETTE KANE
        United States District Court

Dated: June 30, 2005